UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LARRY JOHN NIESLUCHOWSKI, *pro se*,

        Debtor.

_____/

Case No. 17-51554

Chapter 7

Judge Thomas J. Tucker

**ORDER DENYING THE DEBTOR'S MOTION TO EXCUSE
CREDIT COUNSELING REQUIREMENT,
AND DISMISSING CASE**

On August 14, 2017, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 (Docket # 1). On August 17, 2017, the Debtor filed a document which the Court construes as a motion to excuse the credit counseling requirement (Docket # 15, the "Motion"). The Motion seeks such relief on the basis that the Debtor is "disabled" and because attending "credit counseling classes" would involve "too much stress, etc." The Court will deny the Debtor's Motion, for the following reasons.

The Debtor is not eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). That provision requires that a debtor obtain a credit counseling briefing *before or on the date of* filing a bankruptcy petition. It provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, ***during the 180-day period ending on the date of filing the petition*** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(emphasis added). The Debtor did not obtain the required credit counseling briefing on or

before the date he filed his bankruptcy petition in this case.

11 U.S.C. § 109(h)(4) provides limited exceptions to § 109(h)(1)'s requirement of obtaining a credit counseling briefing before or on the date of filing the bankruptcy petition. It provides:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The Debtor's Motion does not demonstrate any of the grounds for relief under § 109(h)(4). It does not allege "incapacity" or that the Debtor is on "active military duty in a military combat zone." The Motion does allege, in only a conclusory fashion, that the Debtor is a disabled veteran. But the Court finds that the Motion does not demonstrate a "disability" as that word is defined in this statute. And the Motion provides no details or substantiation of the alleged disability.

For these reasons, the Court must deny the Debtor's Motion. But the Court notes that neither this Order nor the dismissal of this case precludes the Debtor from filing a new bankruptcy case, provided that he obtains the required credit counseling briefing on or before the date of filing a new bankruptcy petition.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 15) is denied.

2. This bankruptcy case is dismissed.

**Signed on September 11, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**